UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHEAT GROWERS; NATIONAL CORN GROWERS ASSOCIATION; UNITED STATES DURUM GROWERS ASSOCIATION; WESTERN PLANT HEALTH ASSOCIATION; IOWA SOYBEAN ASSOCIATION; SOUTH DAKOTA AGRI-BUSINESS ASSOCIATION; NORTH DAKOTA GRAIN GROWERS ASSOCIATION; MISSOURI CHAMBER OF COMMERCE AND INDUSTRY; MONSANTO COMPANY; ASSOCIATED INDUSTRIES OF MISSOURI; AGRIBUSINESS ASSOCIATION OF IOWA; CROPLIFE AMERICA; AND AGRICULTURAL RETAILERS ASSOCIATION, <br><br>Plaintiffs, <br><br>v. <br><br>LAUREN ZEISE, IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT; and XAVIER BECERRA, in his official capacity as Attorney General of the State of California, <br><br>Defendants. | CIV. NO. 2:17-2401 WBS EFB <br><br>MEMORANDUM AND ORDER RE: MOTION TO ALTER OR AMEND PRELIMINARY INJUNCTION ORDER |

----oo0oo----

Before the court is defendant Xavier Becerra's Motion to Alter or Amend the Court's Order Granting Preliminary Injunction (Docket No. 81). The court held a hearing on the motion on June 11, 2018.

I. Legal Standard

A motion to reconsider a preliminary injunction is governed by Federal Rule of Civil Procedure 59(e).[1] See Credit Suisse 1st Boston Corp. v. Grunwald, 400 F.3d 1119, 11-2324 (9th Cir. 2005). A district court may reconsider its decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013) (citation omitted).

Motions for reconsideration "are directed to the sound discretion of the court." Riley v. Giguiere, 631 F. Supp. 2d 1295, 1310 (E.D. Cal. 2009) (Karlton, J.); see also McDowell v. Calderon, 197 F.3d 1253, 1256 (9th Cir. 1999). However, reconsideration is an "extraordinary remedy" that should be used "sparingly in the interests of finality and [the] conservation of judicial resources." Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A party may not use a motion to reconsider "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the

---

[1] Although defendant's motion is styled as a "motion to alter or amend" the court's prior order, the parties agree that this motion is governed by Rule 59(e).

2

litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citing Kona Enters., 229 F.3d at 890).

II. Discussion

As discussed in the court's February 26, 2018 order, this case concerns California's Proposition 65, which, among other things, requires warning labels for products containing chemicals known to the state of California to cause cancer, as determined by certain outside entities. The court preliminarily enjoined the Attorney General from enforcing as against plaintiffs, plaintiffs' members, and all persons represented by plaintiffs California Health & Safety Code § 25249.6's requirement that any person in the course of doing business provide a clear and reasonable warning before exposing any individual to glyphosate.[2] (Docket No. 75.) In doing so, the court found that such a warning for glyphosate, as prescribed by § 25249.6 and the implementing regulations, was not purely factual and uncontroversial under the First Amendment, as required by Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio, 471 U.S. 626, 651 (1985), and CTIA-The Wireless Association v. City of Berkeley, 854 F.3d 1105, 1117-18 (9th Cir. 2017).

The Attorney General now claims that reconsideration is warranted in light of new evidence and because the court

---

[2] Lauren Zeise, director of the Office of Environmental Health Hazard Assessment, was initially included in the court's injunction, though per the parties' stipulation, she was dismissed from the case and the injunction was amended to refer specifically to the Attorney General. (Docket No. 93.)

3

purportedly committed clear error by determining there is no possible warning that can comply with Proposition 65 and not violate plaintiffs' First Amendment rights. However, for the following reasons, the court finds that neither ground warrants the extraordinary remedy of reconsideration.

First, the court's order granting the preliminary injunction speaks for itself. The Attorney General has not shown that the court clearly erred in reaching its conclusions or that the injunction is manifestly unjust. See Smith, 727 F.3d at 955.

Second, the Attorney General's "new evidence" does not warrant reconsideration. Only some of the evidence could not have been presented to the court previously -- the newly-adopted no significant risk level (or "safe harbor level") for glyphosate and corresponding Statement of Reasons, the decision in Monsanto Co. v. Office of Environmental Health Hazard Assessment, 22 Cal. App. 5th 534 (5th Dist. 2018), and the additional information posted on the Office of Environmental Health Hazard Assessment ("OEHHA") website.[3] However, this new evidence does not change the court's conclusion that the required Proposition 65 warning for glyphosate is not purely factual and uncontroversial. The safe harbor level for glyphosate, information on the OEHHA website regarding the debate as to glyphosate's carcinogenicity, and a decision by the California Court of Appeal regarding the listing of glyphosate as a carcinogen -- but which did not

---

[3] Because plaintiffs do not oppose the Attorney General's Request for Judicial Notice (Docket No. 88) and the court finds the materials in the Request are properly subject to judicial notice, the court hereby GRANTS the Request.

address the First Amendment -- have no relevance to the question of whether the warnings required by Proposition 65 and the corresponding regulations comply with Zauderer and CTIA.

The Attorney General also includes new citations to sources either supporting the IARC's determination that glyphosate is a probable carcinogen or criticizing agencies that found it was not. Even assuming these citations constituted new evidence under Rule 59,[4] additional support for the IARC determination does not change the fact that the overwhelming majority of agencies that that have examined glyphosate have determined it is not a cancer risk. Once again, the court's analysis here is not whether the IARC's determination is persuasive or supported by competent evidence, but rather whether a warning conveying the message that glyphosate causes cancer is factual and uncontroversial.

The court next turns to the Attorney General's newly proposed alternative warnings. Neither of these warnings constitute new evidence warranting reconsideration under Rule 59. The Attorney General's first proposed warning states: "WARNING: This product can expose you to glyphosate, a chemical listed as causing cancer pursuant to the requirements of California law. For more information go to www.P65Warnings.ca.gov." (Mot. 10 (Docket No. 81-1)). This warning is not significantly different from the existing safe harbor warning already rejected by this

---

[4] It appears that these sources could have been provided in the Attorney General's opposition to the Motion for Preliminary Injunction. See Marlyn, 571 F.3d at 880 (party may not use a motion to reconsider to raise arguments or present evidence that could reasonably have been raised earlier in the litigation).

5

court, which states that glyphosate is a chemical known to the state of California to cause cancer. Stating that a chemical is listed as causing cancer "pursuant the requirements of California law" conveys essentially the same message to consumers as stating that a chemical is known to the state of California to cause cancer. As the court previously stated, "[o]rdinary consumers do not interpret warnings in accordance with a complex web of statutes, regulations, and court decisions, and the most obvious reading" of this alternate warning is that exposure to glyphosate in fact causes cancer in humans. (See Prelim. Inj. Order 14.)

Further, California cannot remedy this warning by simply pointing consumers to a website discussing the debate. It would seem likely that few, if any, consumers will actually visit the www.P65warnings.ca.gov website, meaning that as a practical matter this website will not provide the necessary context that might render this warning factual and uncontroversial. Even if consumers were likely to visit this website, the Attorney General conceded at oral argument that whether a warning is factual and uncontroversial is determined by looking at the warning standing alone. A warning that is deficient under the First Amendment may not be cured by reference to an outside source.[5]

---

[5] Similarly, the court rejects the Attorney General's suggestion that the warning does not violate the First Amendment because plaintiffs may provide their own additional information regarding glyphosate's carcinogenicity separate from the warning. Accord Masterpiece Cakeshop, Ltd. v. Colo. Civ. Rights Comm'n, No. 16-111, 2018 WL 2465172, at *27 (June 4, 2018) (Thomas, J. concurring) ("Because the government cannot compel speech, it also cannot 'require speakers to affirm in one breath that which they deny in the next.'") (quoting Pac. Gas & Elec. Co. v. Pub. Utils. Comm'n of Cal., 475 U.S. 1, 16 (1986)).

1    The Attorney General's second proposed warning does
2  provide additional context regarding the debate as to
3  glyphosate's carcinogenicity, stating:

> WARNING: This product can expose you to
> glyphosate, a chemical listed as causing cancer
> pursuant to the requirements of California law.
> The listing is based on a determination by the
> United Nations International Agency for Research
> on Cancer that glyphosate presents a cancer
> hazard. The U.S. Environmental Protection Agency
> has tentatively concluded in a draft document
> that glyphosate does not present a cancer hazard.
> For more information go to
> www.P65warnings.ca.gov.

10  (Mot. 12.) However, this warning is not new evidence
11  under Rule 59(e) because there is no reason the Attorney General
12  could not have proposed such a warning in response to plaintiffs'
13  request for a preliminary injunction. See Marlyn, 571 F.3d at
14  880 (on motion to reconsider, party may not raise arguments or
15  present evidence that could have been raised earlier in the
16  litigation). The Attorney General argues that he could not have
17  offered such a proposed warning until he knew how the court would
18  rule on the preliminary injunction, but such contention is not
19  plausible. During oral argument on plaintiffs' Motion for a
20  Preliminary Injunction, the court proposed multiple iterations of
21  warnings providing more context regarding the debate on
22  glyphosate's carcinogenicity, none of which were acceptable to
23  the Attorney General. Indeed, the Attorney General specifically
24  rejected the court's proposal of a warning that would state that
25  glyphosate was a carcinogen as "determined by one of the agencies
26  but not by the others" because such language would "dilute" the

7

warning.⁶ (Hr'g Tr. at 51 (Docket No. 72).)  In other words, the Attorney General could have proposed his second alternative warning, or agreed to a similar warning, before the court granted a preliminary injunction, but he chose not to.  To the contrary, the Attorney General essentially took the position that the warning he now advocates was insufficient.

Even assuming the second alternative warning could not have been presented before and was binding on private enforcers of Proposition 65, this warning does not warrant reconsideration of the court's injunction.  The court agrees that it is "an impossible task" to disclose "everything on each side on the scientific debate," see CTIA-The Wireless Association v. City of Berkeley, 139 F. Supp. 3d 1048, 1071-72 (N.D. Cal. 2015), aff'd, 854 F.3d 1105 (9th Cir. 2017), and the law does not require a warning label to disclose the details of the debate in the scientific community regarding glyphosate's carcinogenicity -- to do so would turn a warning label into an essay.  However, it is not clear that even a lengthy discussion regarding the conflicting agency findings as to glyphosate's cancer risk would comply with the First Amendment.  Given the evidence in the record, the court questions whether California has shown that requiring a Proposition 65 warning for glyphosate directly advances the law's stated interest in informing Californians about exposures to chemicals that cause cancer.  See Central

---

⁶ Notably, the Attorney General continues to argue that language providing more context is unnecessary and reserves the right to raise this argument on appeal.  (See Mot. 3 n.3.)  This reservation of a right to appeal even if the court grants reconsideration tends to weigh against granting the Attorney General's motion.

Hudson Gas & Elec. Co. v. Pub. Serv. Comm'n of N.Y., 447 U.S. 557, 566 (1980); Cal. Chamber of Commerce v. Brown, 196 Cal. App. 4th 233, 258 (1st Dist. 2011).[7]

The Attorney General's second alternative warning is also deficient because it conveys the message that there is equal weight of authority for and against the proposition that glyphosate causes cancer, or that there is more evidence that it does, given the language stating that the EPA's findings were only tentative, when the heavy weight of evidence in the record is that glyphosate is not known to cause cancer.[8] Accordingly, neither of the Attorney General's alternative warnings, nor any purported clear error by the court, weigh in favor of reconsideration.

IT IS THEREFORE ORDERED that defendant's Motion to Alter or Amend Court's Order Granting Preliminary Injunction

---

[7] It also appears that a warning properly characterizing the debate as to glyphosate's carcinogenicity would not comply with Proposition 65 and the applicable regulations and thus would not advance a substantial state interest. See Central Hudson, 447 U.S. at 566. The Attorney General's own Settlement Guidelines state that certain words or phrases are per se not clear and reasonable, "such as (1) use of the adverb 'may' to modify whether the chemical causes cancer . . . (as distinguished from use of "may" to modify whether the product itself causes cancer . . .); [and] (2) additional words or phrases that contradict or obfuscate otherwise acceptable warning language." Cal. Code Regs. tit. 11 § 3202(b). The Attorney General's second alternate warning, by discussing the EPA's contrary finding that glyphosate does not cause cancer, appears to "contradict or obfuscate otherwise acceptable warning language" in violation of this regulation.

[8] Once again, the court expresses no opinion as to whether a statement that a chemical causes cancer is factual and uncontroversial where there is stronger evidence in support of the chemical's carcinogenicity.

(Docket No. 81) be, and the same hereby is, DENIED.

Dated: June 12, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE