UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHEAT GROWERS; NATIONAL CORN GROWERS ASSOCIATION; UNITED STATES DURUM GROWERS ASSOCIATION; WESTERN PLANT HEALTH ASSOCIATION; IOWA SOYBEAN ASSOCIATION; SOUTH DAKOTA AGRI-BUSINESS ASSOCIATION; NORTH DAKOTA GRAIN GROWERS ASSOCIATION; MISSOURI CHAMBER OF COMMERCE AND INDUSTRY; MONSANTO COMPANY; ASSOCIATED INDUSTRIES OF MISSOURI; AGRIBUSINESS ASSOCIATION OF IOWA; CROPLIFE AMERICA; AND AGRICULTURAL RETAILERS ASSOCIATION, <br><br>        Plaintiffs, <br><br>  v. <br><br>LAUREN ZEISE, IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT; and XAVIER BECERRA, in his official capacity as Attorney General of the State of California, <br><br>        Defendants. | CIV. NO. 2:17-2401 WBS EFB <br><br>ORDER RE: MOTION TO STAY |

1

----oo0oo----

Before the court is defendant Xavier Becerra's Motion to Stay Proceedings. (Docket No. 104.) The court held a hearing on the motion on September 4, 2018.

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Here, the court, in granting a preliminary injunction, relied on the Ninth Circuit's interpretation of Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio, 471 U.S. 626, 651 (1985), in determining that the required warning label for glyphosate would not be "purely factual and uncontroversial." The primary case the court relied on, CTIA-The Wireless Association v. City of Berkeley, 854 F.3d 1105 (9th Cir. 2017), has since been vacated by the Supreme Court for further proceedings in light of National Institute of Family & Life Advocates v. Becerra, 138 S. Ct. 2361 (2018). Moreover, a more recent decision also interpreting Zauderer's "purely factual and uncontroversial" requirement, American Beverage Association v. City and County of San Francisco, 871 F.3d 884 (9th Cir. 2017), was called en banc and is scheduled for oral argument later this month.

Because CTIA and American Beverage concern the interpretation and application of Zauderer's "purely factual and uncontroversial" requirement, new decisions in those cases would assist the court in deciding any motion for summary judgment filed by the parties in this case. Further, the court has

already granted a preliminary injunction blocking enforcement of the warning requirement as to glyphosate in this case. Plaintiffs identify no prejudice from a stay other than uncertainty to their members due to further delay.[1] This uncertainty is insufficient to outweigh the savings of time and effort for the court and the parties that may be gained from staying this case pending further guidance from the Ninth Circuit in CTIA or American Beverage.

IT IS THEREFORE ORDERED that all proceedings in this case are hereby STAYED pending issuance of opinions by the Ninth Circuit in American Beverage Association v. City and County of San Francisco, No. 16-16072, and CTIA-The Wireless Association v. City of Berkeley, No. 16-15141. When the Ninth Circuit has issued opinions in both those cases, counsel shall take the necessary steps to have this matter placed back on the calendar for further status conference. The briefing schedule and hearing date of January 22, 2019 on the cross-motions for summary judgment are vacated.

Dated: September 5, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Notably, counsel for plaintiff explained multiple times at oral argument that he was not claiming "the sky would fall" if a stay was granted.

3